**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**K. B.**                                                                           **PLAINTIFF**

**V.**                                              CIVIL ACTION NO. $\underline{\text{1:19cv25-SA-DAS}}$

**COLUMBUS MUNICIPAL SCHOOOL**
**DISTRICT; MICHAEL JACKSON,**
**individually and in his official capacity;**
**and JOHN DOES 1-10**                                              **DEFENDANTS**

**COMPLAINT**
**(Jury Trial Demanded)**

COMES NOW, Plaintiff, K. B., by and through his undersigned counsel, and files this

Complaint against the Defendants as follows:

1.     This court has jurisdiction over the claims in this case pursuant to 28 U.S.C. §§

1331 and 1342.  This suit is authorized pursuant to 42 U.S.C. § 1983, Fourteenth Amendment of

the United States and Mississippi Constitutions.  Plaintiff seeks declaratory relief pursuant to 28

U.S.C. § 2202.  Venue is proper under Title 28 U.S.C. § 1391 (b).  A substantial part of the events,

actions, and/or omissions giving rise to these claims occurred in Lowndes County, Mississippi.

**II.**

**PARTIES**

2.     Plaintiff, K. B., is an adult male citizen of the United States, permanently residing

at 1420 10th Avenue South, Columbus, Mississippi, but currently located in Japan for military

duties.  Plaintiff, K. B., is being identified for purposes of this public record solely as K. B. rather

than through his full name due to the sensitivity of the facts and claims herein.  The full identity

of K. B. is known to Defendants.

1

3.     The Columbus Municipal School District (hereinafter sometimes "school district") is a public school district in Columbus, Mississippi, which may be served with process of this court through its Superintendent, Dr. Cherie Antoinette Labat, at 2630 McArthur Drive, Columbus, Mississippi.  At all times mentioned herein, Defendant Columbus Municipal School District was and is a public school district in Mississippi with its principal place of business in Columbus, Mississippi.

4.     Defendant, Michael Jackson, is an adult resident citizen of Lowndes County, Mississippi.  Michael Jackson was employed by the Columbus Municipal School District and taught at Columbus High School and Columbus Middle School.  Defendant Jackson was also employed as the Public Information Officer for the school district.  He may be served with process of this Court wherever he may be found.  Michael Jackson is sued in his individual and official capacity.

5.     Defendants, John Does 1-10, are individuals and/or entities whose identities are unknown to the Plaintiff as this time.  Through the discovery process it is believed that their true and accurate identities will become known, and at that time, the Plaintiff will seek leave of this Honorable Court to amend his Complaint to specifically name the unknown persons and/or entities as Defendant(s) to this action.

## III.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.     An official notice of claim letter was timely provided to Defendants pursuant to Mississippi Code Annotated § 11-46-11.

**IV.**

**STATEMENT OF THE FACTS**

7.     Plaintiff, K. B., is a former student of Columbus High School, a school within the Columbus Municipal School District.  K. B. encountered and met Defendant Michael Jackson, a school employee and/or contractor, at the school.

8.     Beginning November 2013, Michael Jackson began texting and contacting K. B., a student and minor, through social media and/or mobile applications to engage in sexual activity. Numerous messages were sent, including while both K. B. and Defendant Jackson were on the school premises.  Michael Jackson clearly identified himself and his employment with Columbus High School.  He also knew that K. B. was a minor and student.

9.     Defendant Michael Jackson introduced himself and began engaging in a course of conduct to build the trust of K. B. through his position with the school and while at the school. Defendant Jackson later offered K. B. money to allow him to perform sexual acts.  There were multiple attempts to arrange meetings for sexual acts including on the school premises.  There were messages related to genitalia, the size of genitalia, sexual acts and the performance thereof.

10.     The conduct of Defendant Michael Jackson was reported to the police, and Defendant Michael Jackson was arrested and later convicted of enticing a child to meet for lustful purposes.

11.     Following the arrest of Defendant Michael Jackson, K. B. and his mother were criticized by officials of the school and the Columbus School District for not allowing the district to handle the matter internally.

12.     Upon information and belief, school and school district officials had knowledge of teachers and employees, including Michael Jackson, having and/or attempting to have unlawful

sexual relationships with students, but failed to protect students, like K. B., from sexual predators like Michael Jackson.

13.     The school district took no measures to warn or protect K. B. from the known inappropriate and illegal conduct.  At all times material to this Complaint, the individual officers, directors, supervisors, teachers, staff, employees and/or agents (all used interchangeably and universally) referenced herein acted within the course and scope of duties as officers, directors, supervisors, teachers, staff, employees and/or agents of Defendant Columbus Municipal School District and under color of state law.

## V.

## SECTION 1983 AND FOURTEENTH AMENDMENT

14.     Plaintiff incorporates the allegations of paragraphs 1 through 13 as if fully recited herein.

15.     Plaintiff had a constitutional right, under the Due Process Clause of the Fourteenth Amendment, to be free from sexual harassment and sexual abuse by a teacher.

16.     Defendant Michael Jackson's sexual harassment/assault/abuse of K. B., which has already been described in this Complaint, violated and deprived K. B. of his constitutional right under the Fourteenth Amendment to personal security, to bodily integrity, and to be free from sexual harassment by a teacher and person in a position of authority.

17.     Michael Jackson is personally liable to K. B. for violating her constitutional right under the Fourteenth Amendment to personal security, to bodily integrity, and to be free from sexual harassment/assault/abuse by a teacher.

18.     The Columbus Municipal School District is liable to K. B. for Michael Jackson's violation of K. B.'s constitutional rights under the Fourteenth Amendment because the

4

unconstitutional acts of Michael Jackson were encouraged, approved, caused by, tolerated, permitted, and/or ratified by established customs, policies, procedures, and/or practices established by the Columbus Municipal School District, including but not limited to:

a.      Failing to adequately investigate the background and employment of teachers, contractors, staff and/or employees;

b.      Failing to train teachers and staff on how to handle and to report inappropriate attention from students and/or other staff and teachers;

c.      Failing to train teachers to abstain from instituting sexual relationships with students;

d.      Failing to train principals, teachers, staff, and/or other employees on how to recognize and report a sexual relationship or inappropriate behavior between a teacher/staff and a student;

e.      Failing to train principals, teachers, staff, and/or other employees to notify parents and supervisors when becoming aware of a sexual or inappropriate relationship;

f.      Failing to conduct reasonable investigations in responses to complaints regarding inappropriate relationships and sexual activity;

g.      Failing to train principals and supervisors on how to conduct reasonable investigations;

h.      Failing to train principals, supervisors, and/or other staff on how to properly supervise and train;

i.      Failing to provide and train to provide adequate counseling;

j.      Failing to provide and train how to take reasonable action to respond to sexual harassment;

k.      Failing to train principals, teachers, staff, and/or other employees on how to protect students form violations of their constitutional rights to personal security and bodily integrity;

l.      Failing to properly train students on how to identify sexual harassment and to report sexual overtures by teachers and staff/personnel; and

m.      Other unconstitutional customs or policies, which encourage and/or conceal sexual harassment by teachers/staff and students.

**VI.**

**ASSAULT**

19.     Plaintiff incorporates the allegations of paragraphs 1 through 18 as if fully recited herein.

20.     K. B. lacked the capacity to consent to Michael Jackson's unlawful sexual harassment and/or assault or attempts for sexual assault on him.  Michael Jackson is personally liable.

**VII.**

**NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

21.     Plaintiff incorporates the allegations of paragraphs 1 through 20 as if fully recited herein.

22.     Defendants were negligent in exercising undue influence or allowing and continuing to allow Michael Jackson to exercise undue influence in assaulting K. B.

23.     Defendants' conduct was extreme and outrageous and directly caused K. B. to suffer severe psychological and emotional distress.

24.     K. B. suffered physical impact insofar as school district employee Michael Jackson committed sexual assault upon her.

6

25.     K. B. suffered and continues to suffer damages as a result of the actions and/or inactions of Defendants.

26.     As a direct and proximate result of Defendants' action, K. B. has suffered severe emotional distress, mental pain and suffering, physical pain and suffering and adverse physical consequences.

27.     As a direct and proximate result of Defendants' actions and/or inactions, K. B. has been subjected to public scorn and ridicule.

## VIII.

## <u>NEGLIGENT FAILURE TO WARN</u>

28.     Plaintiff incorporates the allegations of paragraphs 1 through 27 as if fully recited herein.

29.     The school district by and through its agents, servants, and employees, knew or should have known of Michael Jackson's dangerous and exploitative propensities as a sexual predator and unfit agent.

30.     Despite knowledge of Jackson's dangerous and exploitative propensities as a sexual predator, child molester, and unfit agent, the school district failed to warn K. B., of said propensities.

31.     The school district's failure to warn allowed Jackson to coerce, induce, and continue to coerce and induce K. B. to engage in sexual activity with him.

32.     The school district had to duty to warn of these known propensities and failed to warn.

33.    As a direct and proximate cause of this failure to warn, K. B. has suffered and continues to suffer severe emotional distress, mental pain and suffering, physical pain and suffering, and adverse consequences, including public scorn and ridicule.

## IX.

## FAILURE TO TRAIN AND RESPONDEAT SUPERIOR

34.    Plaintiff incorporates the allegations of paragraphs 1 through 33 as if fully recited herein.

35.    The school district failed to adequately train officers, agents, administrators, supervisors, representatives and personnel they employed in a sufficient manner to protect K. B. from sexual harassment, unconstitutional action, and illegal activity alleged herein which is a direct and proximate cause of the damages alleged herein.

36.    Defendants are liable for the conduct and actions of their employees, representatives, officials, contractors and/or agents.

## X.

## NEGLIGENCE/NEGLIGENT FAILURE TO INTERVENE/NEGLIGENT FAILURE TO PROCTECT

37.    Plaintiff incorporates the allegations of paragraphs 1 through 36 as if fully recited herein.

38.    Defendants knew or should have known that Jackson acted negligently and/or coercively as a teacher/staff, and failed to intervene to prevent said conduct.

39.    Defendants undertook to educate K. B. and failed to protect K. B. from Jackson's propensity to coerce minor students such as K. B. to engage in sexual acts with him.

40.     As a direct and proximate result of Defendants' negligence, K. B. has suffered and continues to suffer severe emotional distress, mental pain and suffering, physical pain and suffering, and adverse consequences, including public scorn and ridicule.

## XI.

## NEGLIGENT HIRING/SUPERVISION/RETENTION

41.     Plaintiff incorporates the allegations of paragraphs 1 through 40 as if fully recited herein.

42.     Defendants knew or should have known that Jackson had a propensity to sexually contact and exploit students.

43.     Jackson, at all times pertinent and relevant, was acting under color of state law and under color of employment as an employee of the school district.

44.     The school district was negligent in hiring and/or contracting with Jackson, retaining Jackson, and in supervising Jackson, as it knew or should have known that Jackson was incompetent or otherwise unable to perform his job duties in an ordinary, reasonable, and lawful manner.

45.     As a direct and proximate result of Defendants' negligence, K. B. has suffered and continues to suffer severe emotional distress, mental pain and suffering, physical pain and suffering, and adverse consequences, including public scorn and ridicule.

## XII.

## CLAIMS FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED** Plaintiff respectfully demands a trial by jury and prays for a Judgment against the Defendants as outlined herein and as follows:

a.  Actual, compensatory and incidental damages for the embarrassment, humiliation, harassment, mental anguish and severe emotional distress, he suffered and continues to suffer as a direct and proximate result of the conduct of the Defendants described hereinabove;

b.  Enter declaratory relief declaring Defendants have violated the constitutional rights of Plaintiff and enjoining Defendants from in the future engaging in such unlawful conduct;

c.  Compensatory damages in the form of emotional pain, suffering, mental anguish and other non-pecuniary losses; and

d.  Award Plaintiff punitive damages in the amount to be determined by a jury;

e.  Award attorneys' fees, costs and expenses to Plaintiff;

f.  Defendants actions set forth hereinabove constitute a willful wanton and reckless disregard for the rights of K. B. such that he is further entitled to recover liquidated and punitive damages in an amount to be set by the trier of fact; and

g.  K. B. also seeks such other and further relief as the Court and Jury may deem just and proper under the circumstances as hereinabove set forth, including all other relief that he may be entitled under law.

**RESPECTFULLY SUBMITTED**,

**K. B.**

By: */s/ Lilli Evans Bass*
Lilli Evans Bass (MSB #102896)
LaToya T. Jeter (MSB #102213)
Attorneys for Plaintiff

OF COUNSEL:
BROWN BASS & JETER, PLLC
Post Office Box 22969
Jackson, Mississippi 39225
Telephone: (601) 487-8448
Facsimile: (601) 510-9934
bass@bbjlawyers.com