IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

K.B.                                                                                                   PLAINTIFF(S)

V.                                                               CIVIL ACTION NO.1:19-CV-25-SA-DAS

COLUMBUS MUNICIPAL SCHOOL DISTRICT, et al.                       DEFENDANT(S)

**ORDER GRANTING MOTION TO COMPEL
AND DIRECTING PRODUCTION OF DOCUMENTS**

The defendant, Columbus Municipal School District, moved to compel the plaintiff, K.B., to produce records of counseling he received while in the military. The defendant also seeks to compel other discovery related to these documents.

K.B. brought this action against Michael Jackson and his former employer for allegedly sending lewd texts to the seventeen-year-old plaintiff. Since that time, K.B. entered and served in the United States Marine Corp. While stationed in Japan through August 2019, he attended counseling sessions with a therapist he identifies as Ms. Katy. It is believed that these counseling services were done at "MFLAC Okinawa." MFLAC is the abbreviation for Military Family Life and Counseling. K.B. subsequently left the Marines and is now an active-duty member of the U.S. Army. Both the plaintiff and the defendant want to obtain these counseling records for the prosecution and defense of this action.

The plaintiff, his attorney, and the defendant's counsel have spent months attempting to obtain these records. The plaintiff has executed a Standard Form 180, Request Pertaining to Military Records. He also has accessed his Tricare patient portal and has provided records he obtained from that portal to the defendant. He advised the court that the pertinent counseling records are not available in his portal, though his produced medical records seem to confirm he

1

received counseling for anxiety and depression. Plaintiff has requested assistance in obtaining these records at this current duty station with the Army but has not yet received the records. His attorney has provided six pages of requests for release of the medical records sent to the U.S. Army, the U.S. Marine Corp Records, Navy Medical Records, the National Personnel Records Center, and others, in November 2020, which have yielded no results. The correspondence between counsel also indicates that his attorney has had some difficulty contacting her client because of the nature of his duties in the U.S. Army.

Defense counsel also attempted to obtain the records with the authorization provided to it by the defendant. Defense counsel contacted the National Personnel Records Center (NPRC), but her attempts to obtain the records have been complicated by the Covid-19 pandemic. A belated August 11 response advised that the NPRC was just entering its phase one reopening at that time and was responding only to emergency requests. The agency advised the defendant's request would not be acted on any time soon. Counsel was told that during the pandemic, the plaintiff should be able to obtain his records more readily than a third-party. Military sources advised the counseling records should be in plaintiff's Tricare portal.

The court has been aware of the difficulties experienced by the parties in seeking these records for some time. There have been multiple status conferences at which counsel discussed their efforts to obtain the records. Because of the unprecedented impact of the Covid pandemic, the court has allowed both parties additional time to pursue these records. The plaintiff filed the complaint in this action on January 25, 2019. After some delay getting the individual defendant served and having a default entered against him, the court entered an initial case management order on November 15, 2019, and the court set the trial for October 19, 2020. The plaintiff served initial disclosures on December 19, 2019, well before the onset of the pandemic, just

months after the counseling. Though the plaintiff claims to have temporarily suppressed his memory of the treatment, this is the sort of information that the court would expect to be obtained and disclosed to opposing counsel in the pre-discovery disclosures.

The school district served its discovery to the plaintiff on December 30, 2019. The court granted the plaintiff three unopposed extensions of time to respond. The plaintiff served the defendant with his discovery responses on March 13, 2020, at the beginning of the Covid pandemic restrictions.

The court then granted several agreed extensions on CMO deadlines and began a series of status conferences discussing these records. On June 1, 2020, the court granted the first joint motion continuing the trial until March 29, 2021. Between June and September 2020, the court reset deadlines; then later extended those deadlines again. It also held three status conferences on the search for the records.

On September 24, 2020, the court granted a second motion for continuance of the trial. It was rescheduled for September 13, 2021. Since the granting of the second trial continuance, deadlines have again been reset. Because the plaintiff had still not obtained the counseling records, the court, per local rules authorized the defendant to file the pending motion to compel. The motion has been pending since November 16, 2020, ripe since December 16, 2020, and was argued before the court on January 19, 2021. As of the hearing, the plaintiff has still not obtained the counseling records, and can provide no assurances of when the records may be obtained.

The pandemic has resulted in unforeseeable problems in the logistics of discovery in this and every other case. But even with the problems presented by the pandemic, this litigation must be prepared for trial or other disposition. There is no dispute about the discoverability of the

evidence, nor can it be disputed that the plaintiff had the opportunity to obtain these records before the Covid shutdown. Per the plaintiff, the documents needed are not in his portal, but he has not provided his password to his counsel, so counsel cannot verify this statement. The court finds that the plaintiff should provide his attorney with that password so that counsel can verify whether the counseling records are in his Tricare portal. The plaintiff should be required to provide his password and otherwise cooperate with his counsel for allow verification while protecting his privacy.

The plaintiff has requested that the court assist him in obtaining these records, by ordering the National Personnel Records Center and Headquarters U.S. Marines Corp, Manpower Management Records & Performance, (MMRP-10), to search for and produce the counseling records, if found in their files, to the plaintiff and/or his counsel, so that he may comply with his discovery obligations. The court finds that while it understands the difficulty facing the plaintiff, it is without authority to enter such an order to a non-party.

The court finds that notwithstanding the unprecedented problems of the Covid pandemic, it is the plaintiff's burden to produce these documents and to respond to the related discovery requests. The pandemic cannot, in this case, justify unlimited delay. This is true particularly where the plaintiff says that he is not sure that records exist regarding the counseling sessions which he describes as "very casual." Furthermore, his counsel admits that the medical records he has at this time are not related to this case. The only reference to the counseling presently before the court in the plaintiff's medical records is a notation of treatment with MFLAC counseling for anxiety and depression that was resolved after four months of treatment. Counsel acknowledged that it may be necessary for the plaintiff to simply offer his lay testimony in support of his claim for emotional distress.

The defendant is correct that it is time to move this case toward a final resolution. The plaintiff should be required to produce the records or to forego use of this evidence. The defendant is likewise correct that providing a release to the defendant for the information does not relieve him of the burden of producing these documents. That a court can compel a party to sign an authorization for the release of documents directly to a defendant is not authority for the plaintiff's argument that he should be deemed relieved of the obligation to produce the records per Rule 34. *See Lishka v. Tidewater Services, Inc.,* 1998 WL 27066 (E.D. La, Jan. 22, 1997). Because available information indicates the defendant's access is not equal to the plaintiff's access, the provision of an authorization does not relieve the plaintiff of his responsibility to respond to discovery requests.

IT IS, THEREFORE, ORDERED as follows:

1. The plaintiff shall provide his counsel with his password to his Tricare portal and provide her with any additional information or take any necessary steps such as approving real time authentication, to allow her review of the documents in the portal. Access to the records shall be provided not later than 14 days after entry of this order.

2. The plaintiff shall serve a copy of any counseling or other records for counseling received by him relating to his claims for damages in this case to the defendant not later than 28 days from the date of this order. Failure to comply with this order may result in exclusion of evidence.

3. The plaintiff shall supplement his responses to discovery propounded to him, not later than 35 days from the date of this order. The plaintiff must supplement his pre-discovery disclosures; Interrogatories 7, 12. 13, 15; Requests for Production of

Documents 6, 7, 8, 11, and 12 and provide expert designations for any expert expected to be called at the trial of this matter.

**SO ORDERED** this the 26th day of January, 2021.

                                      **/s/ David A. Sanders**
                                      **U.S. MAGISTRATE JUDGE**